# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AYMAN ELANSARI,<br><br>*Plaintiff,*<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>*Defendant.* | Case No. 2:19-cv-03404-JDW |

## MEMORANDUM

Ayman Elansari brings this action against Liberty Mutual Insurance Company for allegedly failing to provide Mr. Elansari work loss benefits in accordance with his auto insurance policy. Because Liberty Mutual does not have an insurance policy or contract with Mr. Elansari, the Court grants Liberty Mutual's motion to dismiss with respect to each of Mr. Elansari's claims but affords Mr. Elansari the opportunity to refile his claims against the proper entity.

## I.     FACTUAL BACKGROUND

Mr. Elansari, who worked full time as a driver, was involved in a vehicle accident in West Chester, Pennsylvania. For the policy year ending September 15, 2018, Mr. Elansari had an auto insurance policy that The First Liberty Insurance Corp. ("First Liberty") had issued. Following the accident, Mr. Elansari was prescribed medication that caused drowsiness and included an instruction not to drive while on the medication. As a result, Mr. Elansari reduced his working hours from 40-60 hours per week to 20 hours per week.

Mr. Elansari apparently filed an insurance claim with First Liberty, seeking coverage for his lost income. First Liberty had a physician examine Mr. Elansari, and that physician concluded

that Mr. Elansari could return to work full time. On that basis, First Liberty denied Mr. Elansari's claim. Mr. Elansari contends that decision was erroneous and that he is entitled to work loss benefits under his insurance policy. On July 30, 2019, Mr. Elansari filed a Complaint against Liberty Mutual (ECF No. 1). In response, on August 23, 2019, Liberty Mutual filed a motion to dismiss (ECF No. 5).

## II. LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom, and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). A document filed *pro se* is to be liberally construed, and a Court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted). Accordingly, claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). That said, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (citations omitted).

## III. ANALYSIS

### A. Improper Insurance Provider

Mr. Elansari brings this action against Liberty Mutual for, among other things, breach of contract for violation of his insurance policy. As Liberty Mutual notes in its motion to dismiss,

however, it does not appear that a contract or insurance policy existed between Mr. Elansari and Liberty Mutual at the time of the accident. While the Complaint does not include the insurance policy at issue, Liberty Mutual has attached it as Exhibit 1 in its motion to dismiss. This Court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss… if that document is integral to or explicitly relied upon in the complaint." *Kortyna v. Lafayette Coll.*, 726 F. App'x 934, 937 (3d Cir. 2018). Exhibit 1 is a LibertyGuard Auto Policy insurance, with policy number A06-288-377081-7078, issued by The First Liberty Insurance Corporate to Ayman T. Elansari. Accordingly, it appears Mr. Elansari has brought this action against the wrong entity. Therefore, the Court will dismiss Mr. Elansari's claims against Liberty Mutual without prejudice. Mr. Elansari may file an amended complaint if he decides he wants to proceed against First Liberty.

### B. Mr. Elansari's Claims

Even if Mr. Elanasri had brought this action against First Liberty, his claims would likely still fail. Although it is not altogether clear what specific claims Mr. Elansari intended to plead in his Complaint, when construed liberally, the Court identifies four separate claims for 1) Breach of Contract; 2) Equitable Relief; 3) Bad Faith; and 4) Fraud.

#### 1. Breach of contract

In his breach of contract claim, Mr. Elansari alleges that his auto insurance provider "renege[d] on its agreement" to pay him for lost income, resulting from his accident and subsequent medical complications. (ECF No. 1 ¶ 4.) Nevertheless, Mr. Elansari does not specify which provision in his policy his insurance provider breached, nor does he provide a specific date on which the accident occurred. Mr. Elansari's statement in his response brief that the "accident occurred sometime in the later months of 2018," does not clarify whether it happened before the

policy terminated on September 15, 2018. (ECF No. 14 ¶ 3.) Accordingly, without additional facts, it is not clear to the Court that Mr. Elansari could make a claim that his insurance provider breached its obligation to cover lost income under his insurance policy.

### 2. Equitable relief

In his Complaint, Mr. Elansari also requests equitable relief. Under Pennsylvania law, "[e]quitable jurisdiction to grant specific performance" exists only where there is an inadequate remedy at law. *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 160 (3d Cir. 1999) (quoting *Petry v. Tanglwood Lakes, Inc.*, 522 A.2d 1053, 1056 (Pa. 1987)). However, claims for money damages—as Mr. Elansari requests in this case—are considered claims for legal, not equitable, relief. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993). Indeed, because there is no evidence that an award of damages would be an inadequate remedy, Mr. Elansari's claim would have to be dismissed.

### 3. Bad faith

Mr. Elansari also asserts that his insurer acted in bad faith in denying his work loss benefits. Under Pennsylvania law, a cause of action may be brought by insured parties against their insurer for bad faith. *See* 42 Pa. Cons.Stat. § 8371. Bad faith is defined as "any frivolous or unfounded refusal to pay proceeds of a policy." *Burrell v. United Healthcare Ins. Co.*, No. 00–4697, 2001 WL 873221, at *1 (E.D.Pa. July 30, 2001). To prevail under the bad faith statute, "the insured must show that the insurer did not have a reasonable basis for denying benefits under the policy **and** that the insurer knew of or recklessly disregarded its lack of reasonable basis in denying the claim." (emphasis added). An insurer need not engage in fraud to be subject to the statute; however, "mere negligence or bad judgment is not bad faith. The insured must also show that the insurer breached a known duty (i.e., the duty of good faith and fair dealing) through a motive of

4

self-interest or ill will." *Miezejewski v. Infinity Auto Ins. Co.*, 609 F. App'x 69, 71–72 (3d Cir. 2015) (citation omitted).

Here, Mr. Elansari has failed to demonstrate that his insurer acted in bad faith. According to the Complaint, the insurer relied on the findings of its own medical professional that Mr. Elansari was able to return to work full time. While Mr. Elansari might disagree with the doctor's assessment, that does not mean his insurer acted without a reasonable basis when it denied Mr. Elansari his work loss benefits. Accordingly, the facts plead in the Complaint, without more, fail to show Mr. Elansari's insurer acted in bad faith when it denied his claim.

### 4. Fraud

Finally, Mr. Elansari maintains that his insurer's denial of his work loss benefits amounts to fraud. Under Pennsylvania law, a plaintiff must establish the following for a claim of fraud: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994). Mr. Elansari has not pled the necessary elements to establish a fraud claim. Specifically, Mr. Elansari has not shown, among other things, that his insurer made a false statement with the intent to mislead him. Even though Mr. Elansari's insurance provider believes that he is not entitled to work loss benefits, the Court cannot—solely on that basis—infer that the insurance company made false statements with intent to mislead when it offered Mr. Elansari work loss coverage.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Liberty Mutual's motion to dismiss (ECF No. 5) with respect to each of Mr. Elansari's claims, which are dismissed without prejudice. In other

words, Mr. Elansari may refile his Complaint against the proper entity provided he is able to cure the pleading deficiencies identified above. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated: December 9, 2019