IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AYMAN ELANSARI,<br><br>*Plaintiff,*<br><br>v.<br><br>**LIBERTY MUTUAL INSURANCE COMPANY, et al.,**<br><br>*Defendants.* | Case No. 2:19-cv-03404-JDW |

## **MEMORANDUM**

Ayman Elansari's Amended Complaint asserts claims against a host of new Defendants, all of whom reside in Pennsylvania. So does Mr. Elansari. Yet Mr. Elansari seeks to invoke the Court's diversity jurisdiction, which allows it to hear disputes among citizens of different states. Because the parties are not diverse, the Court will dismiss the case to permit Mr. Elansari to pursue these claims in state court.

## **I.  FACTS**

Mr. Elansari was involved in a car accident in West Chester, Pennsylvania. The accident apparently occurred on August 31, 2018, though Mr. Elansari does not allege that in his Amended Complaint. (ECF No. 11 at 14.) At the time, The First Liberty Insurance Corporation insured Mr. Elansari. After medical evaluations, First Liberty denied him coverage for lost income.

On July 30, 2019, Mr. Elansari filed a Complaint against Liberty Mutual Insurance Group, which is a corporate affiliate of First Liberty. Liberty Mutual moved to dismiss, arguing that it had no relationship with Mr. Elansari. After a hearing, the Court granted Liberty Mutual's Motion to Dismiss on December 9, 2019. In its decision, the Court explained that Mr. Elansary "has brought this action

against the wrong party" and that he "may file an amended complaint if he decides he wants to proceed against First Liberty." (ECF No. 18 at 3.)

On December 27, 2019, Mr. Elansari filed an Amended Complaint. He ignored the Court's decision and again names Liberty Mutual, rather than First Liberty, as a defendant. He also adds as Defendants Liberty Mutual's lawyers, Brigid Alford and Marshall Dennehey Warner Coleman & Goggin, and the three doctors that First Liberty engaged to evaluate his claim, Jeffrey Portner, Richard Bennett, and Elliot Brownstein. Mr. Elansari lists a Pennsylvania address for each of these new defendants. (ECF No. 1 at p. 1 (Joinder of New Defendants).) He asserts claims that arise under state law and invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332.

The Amended Complaint prompted a flurry of motion practice. Every defendant has moved to dismiss, and Mr. Elansari seeks a default judgment against Drs. Porter and Bennett. Dr. Bennett's motion to dismiss argues that this Court does not have subject matter jurisdiction because the parties are not diverse because Mr. Elansari and the new defendants are all Pennsylvania residents. Mr. Elansari does not respond to that argument. Because the Court concludes that it does not have subject matter jurisdiction, it does not address Defendants' other arguments.

## II.   LEGAL STANDARD

The burden of establishing federal jurisdiction rests with the party asserting its existence. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citation omitted). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." *Id.* (internal quotation marks omitted). A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (alterations in original) "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."

2

*Id.* (internal quotation marks omitted). Here, Dr. Bennett states that the "Amended Complaint, on its face, demonstrates that diversity of citizenship does not exist." (ECF No. 32-2, p. 3.) This constitutes a facial challenge. *See Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). So the question is whether Mr. Elansari has met the pleading requirements for diversity jurisdiction.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This does not, however, absolve a *pro se* plaintiff of the need to adhere to the Federal Rules of Civil Procedure. *See Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015). Federal Rule of Civil Procedure 8(a)(1) requires the complaint to provide "a short and plain statement of the grounds for the court's jurisdiction." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106 (3d Cir. 2015). Rather than affirmatively alleging the citizenship of a defendant, a plaintiff may allege for purposes of pleading diversity jurisdiction that the defendant is not a citizen of the plaintiff's state of citizenship. *See Lincoln Ben. Life Co.*, 800 F.3d at 107.

### III.  ANALYSIS

Mr. Elansari invokes the Court's diversity jurisdiction, asserting that there is "diversity of citizenship in this matter and the amount asked for exceeds the amount of $75,000.01." (ECF No. 20 at ¶ 1.) 28 U.S.C. § 1332(a) grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," so that "no plaintiff [is] a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Here, Mr. Elansari, a citizen of Pennsylvania, has failed to plead in the Amended Complaint that Defendants are not also citizens of Pennsylvania. In fact, the Amended Complaint provides addresses in Pennsylvania for all added Defendants, which suggests that all are citizens of Pennsylvania. Accordingly, the Parties are not completely diverse. The Court therefore must dismiss this case.

## IV. CONCLUSION

The Court does not have subject matter jurisdiction over this case because the parties are not completely diverse. If Mr. Elansari wants to pursue these claims against these defendants, he must do so in state court, not here. An appropriate Order follows.

BY THE COURT:

_/s/ Joshua D. Wolson_
JOSHUA D. WOLSON, J.

Dated: March 25, 2020